Smith, J.
(1.) We would not be at all disposed to reverse the judgment rendered in this case, upon the ground that the trial court erred in refusing to grant the motion for a new trial for the reason that the verdict was against the weight of the evidence. The testimony of the defendant below, if believed by the jury, fully warranted the verdict.
(2.) The court allowed certain depositions offered by plaintiffs below to be read to the jury. The defendant claimed that proper notice had not been given of the taking of the same; but this objection was overruled by the court, and properly as it appears to us. No objection whatever was made to the competency of the depositions as offered and read to the jury, or to any part of them. When the jury retired for deliberation, the counsel for plaintiffs asked the court that the jury be allowed to have the depositions in their room, but this request was refused, and the plaintiffs excepted to the action of the court. The court then allowed the exhibits attached to the deposition to be detached therefrom, and sent to the jury.
It was held by the Supreme Court in the case of State v. McKibben, 2 Ohio St. 589, that “ as a general rule, depositions read in evidence should be sent to the jury on their retirement,” but that, “ where part of a deposition which could not *85 be separated from the balance without mutilation, contained incompetent evidence which was ruled out, the court might, in the exercise of its discretion, refuse to send it to the jury.” In the same case the court assumes (without expressly' deciding. it) that such action might be reviewed on error. In Port v. Gazley, 1 S. C. R. 105. the Superior Court in General Term reversed a judgment at Special Term, on the sole ground that the depositions offered by plaintiff in error, and read to the jury, were not allowed to be taken by the jury in their retirement.
W. A. Goodman and A. B. Huston, attorneys for plaintiffs in error.
Wm. Norwood, attorney for defendant in error.
If it were a new question, we would be strongly inclined to hold that the better practice would be" that as a general rule the depositions should not be sent to the jury — that it gives undue advantage to the written over oral evidence, and that it would be better that the matter should be left to the sound discretion of the trial court. But adjudications by which we must be governed are to the contrary. We have examined the record with care to find some reason, which under the decision of the Supreme Court, would justify the ruling of the trial court, but are unable to do so. The deposition as offered was read to the jury without any objection as to its competency, and under the decisions referred to, the plaintiffs in error were entitled to have the jury take it to their room. For this error alone, we reluctantly reverse the judgment, and remand the case for a new trial.